# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: : | |
| : | CHAPTER 7 CASE |
| WEINSTOCK & SCAVO, P.C., : | |
| : | NO. 12-80220 |
| Debtor. : | |
| : | |
| : | |
| WILLIAM J. LAYNG, JR., as chapter 7 : | |
| Trustee for the Estate of : | |
| WEINSTOCK & SCAVO, P.C., : | |
| : | |
| Plaintiff, : | |
| : | ADVERSARY PROCEEDING |
| : | |
| : | NO. _____ |
| v. : | |
| : | |
| CHARLTON CARLOS LESTER, OTS, INC., : | |
| JADE EYE 72 TRUST, TIE RAY TRUST, : | |
| and BMS REALTY, LLC, : | |
| : | |
| Defendants. : | |

## COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE, FOR AVOIDANCE OF FRAUDULENT TRANSFERS, AND FOR OTHER RELIEF

Plaintiff William J. Layng, Jr., as chapter 7 trustee for the Estate of Weinstock & Scavo, P.C. ("Trustee"), files this Complaint against Defendants Charlton Carlos Lester ("Lester"), OTS, Inc. ("OTS"), Jade Eye 72 Trust ("Jade Eye"), Tie Ray Trust (Tie Ray") and BMS Realty, LLC (BMS"), and alleges as follows:

1

## JURISDICTION AND VENUE

1. The Court has jurisdiction to adjudicate this matter. 28 U.S.C.§1334. This adversary proceeding is properly before the Court under 28 U.S.C. §157, and is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (E), (H) and (O).

2. Venue properly lies in this Court.

3. William J. Layng, Jr. ("Plaintiff" or "Trustee") is the duly authorized and acting trustee in the bankruptcy case of Weinstock & Scavo, P.C. ("Debtor").

## PARTIES

4. Defendant Lester is an individual resident of the State of Georgia subject to the jurisdiction of this Court. He may be served in accordance with Federal Rule of Bankruptcy Procedure 7004 at his residence address, 3434 Hamlin Square, S.W., Atlanta, Georgia 30331.

5. Defendant OTS is a Georgia corporation, and may be served in accordance with Federal Rule of Bankruptcy Procedure 7004 by service upon its registered agent, Regina S. Molden, located at 233 Peachtree Street, N.E., Suite 1245, Harris Tower, Atlanta, Georgia, 30303. Lester owns 100% of the equity interests in OTS.

6. Defendant Jade Eye is purportedly a trust organized under a Trust Agreement dated February 10, 2017 with no known trustee.

7. Defendant Tie Ray is purportedly a trust organized under a Trust Agreement dated December 11, 2017 with no known trustee.

8. Defendant BMS is a Georgia limited liability company, and may be served in accordance with Federal Rule of Bankruptcy Procedure 7004 by service upon its registered agent, Regina S. Molden, located at 233 Peachtree Street, N.E., Suite 1245, Harris Tower, Atlanta, Georgia, 30303. Lester owns a majority of the equity interests in BMS.

## BACKGROUND FACTS

9. On December 4, 2012 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code"). Layng was duly qualified and serves as Trustee.

10. On April 3, 2017, a judgment was entered in the Superior Court of Fulton County in the case of OTS, Inc. d/b/a Omnitech Solutions and Omnitech Institute and Charlton Carlos Lester v. Louis R. Cohen and Weinstock & Scavo, P.C., civil action file no. 2011CV205919 (the "State Court Case"), against Defendant Lester in favor of the Debtor, in the principal amount of $62,317.87, plus interest at the rate of 18%, which judgment is represented by a writ of fi. fa. recorded at Lien Book 3945, page 281, in the records of the Superior Court of Fulton County. Georgia; and represented by writ of fi. fa. recorded at Lien Book 1905, page 489 in the records of the Superior Court of Dekalb County, Georgia (the "Lester Judgment"). The State Court Case was commenced on September 19, 2011.

11. On June 13, 2017, a judgment was entered in the State Court Case, against Defendant OTS in favor of the Debtor, in the principal amount of $112,996.00, plus litigation expenses of $4,996.10 and post-judgment interest, which judgment is represented by a writ of fi. fa. recorded at Lien Book 3978, page 157, in the records of the Superior Court of Fulton County. Georgia; and represented by writ of fi. fa. recorded at Lien Book 1913, page 383 in the records of the Superior Court of Dekalb County, Georgia (the "OTS Judgment").

12. Lester coordinated and directed a scheme through numerous real property transfers for no consideration that left him insolvent. In carrying out this scheme, Lester concealed his actions so that his creditors could not have reasonably discovered what was transpiring.

13. By Warranty Deed dated February 10, 2017, and recorded October 16, 2017, at Deed Book 58019, page 634, records of the Superior Court of Fulton County, Georgia, Lester

3

attempted to transfer to Jade Eye real property known as 2225 Wallace Road, Atlanta, GA 30331 ("Wallace Road").  No consideration was paid for such transfer.

14. By Quit Claim Deed dated December 14, 2010, and recorded January 4, 2011, at Deed Book 49722, page 600, records of the Superior Court of Fulton County, Georgia, Lester transferred to BMS real property known as 1226 Byewood Lane, Atlanta, GA 30310 ("1226 Byewood Lane").  No consideration was paid for such transfer.

15. By Warranty Deed dated December 11, 2017, and recorded April 10, 2018, at Deed Book 58625, page 231, records of the Superior Court of Fulton County, Georgia, BMS attempted to transfer to Tie Ray the 1226 Byewood Lane property.  No consideration was paid for such transfer.

16. By Quit Claim Deed dated December 14, 2010, and recorded January 4, 2011, at Deed Book 22304, page 176, records of the Superior Court of Dekalb County, Georgia, Lester transferred to BMS real property known as 1529 Bellflower Court, Stone Mountain, GA 30088. ("Bellflower Court") No consideration was paid for such transfer.

17. By Quit Claim Deed dated December 14, 2010, and recorded January 4, 2011, at Deed Book 22304, page 553, records of the Superior Court of Dekalb County, Georgia, Lester transferred to BMS real property known as 1876 Wedgewood Drive, Stone Mountain, GA 30088. ("Wedgewood Drive") No consideration was paid for such transfer.

**COUNT I – TURNOVER OF AMOUNTS DUE TO THE ESTATE UNDER THE LESTER JUDGMENT AND THE OTS JUDGMENT**

18. The allegations contained in paragraphs 1 through 17 are incorporated herein as if fully restated in their entirety.

19. 11 U.S.C §542(b) provides:

4

(b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.   11 U.S.C.A. § 542(b).

20. Trustee is entitled to an order directing that Defendants OTS and Lester immediately pay to the bankruptcy estate all principal, interest and expenses due and owing under the Lester Judgment and the OTS Judgment.

### COUNT II – THE TRANSFER OF THE WALLACE ROAD PROPERTY TO JADE EYE IS VOID UNDER O.C.G.A. § 53-12-25(a)

21. The allegations contained in paragraphs 1 through 20 are incorporated herein as if fully restated in their entirety.

22. O.C.G.A. § 53-12-25 provides that:

(a) Transfer of property in trust shall require a transfer of legal title to the trustee. In any transfer of property or any interest in property, if a trust is named as a grantee, whether such trust is held under the laws of this state or of any other jurisdiction, then such transfer is deemed to have been made to the trustee of such trust as though the trustee of such trust had been named as grantee instead of the trust.
Ga. Code Ann. § 53-12-25

23. The warranty deed from Lester to Jade Eye purporting to transfer title to the Wallace Road property does not reflect the name of the trustee of Jade Eye.  A deed is void and invalid if it conveys property to a trust rather than to a trustee. *Ford v. Reddick*, 319 Ga. App. 482, 482, 735 S.E.2d 809 (2012)

24. The Trustee is entitled to an order voiding the transfer of the Wallace Road property to Jade Eye and preserving it for the benefit of the estate.

25. Lester's beneficial interest in Wallace Road is subject to the Lester Judgment, is property of this bankruptcy estate pursuant to 11 U.S.C. §541, and subject to turnover.

5

26. Lester should be ordered to turnover the Wallace Road property to Trustee for liquidation in satisfaction of the Lester Judgment.

### COUNT III- RESULTING TRUST UNDER O.C.G.A. §53-12-130 REGARDING LESTER'S INTEREST IN WALLACE ROAD

27. The allegations contained in paragraphs 1 through 26 are incorporated herein as if fully restated in their entirety.

28. When Lester transferred his interest in Wallace Road to Jade Eye, Lester intended to retain a beneficial interest in Wallace Road titled in the name of Jade Eye.

29. A resulting trust is implied for the benefit of Lester, pursuant to O.C.G.A. §53-12-130, and Lester retains a beneficial interest in Wallace Road subject to the bankruptcy estate's interest under the Lester Judgment.

30. Lester's beneficial interest in Wallace Road is subject to the Lester Judgment, is property of this bankruptcy estate pursuant to 11 U.S.C. §541, and subject to turnover.

31. Lester should be ordered to turnover the Wallace Road property to Trustee for liquidation in satisfaction of the Lester Judgment.

### COUNT IV – CONSTRUCTIVE TRUST UNDER TO O.C.G.A. §53-12-132 REGARDING LESTER'S INTEREST IN WALLACE ROAD

32. The allegations contained in paragraphs 1 through 31 are incorporated herein as if fully restated in their entirety.

33. For reasons set forth herein and to be established at trial, Lester cannot enjoy the beneficial interest in Wallace Road without violating principles of equity.

34. A constructive trust is implied for the benefit of Lester under O.C.G.A. §53-12-132, and Lester retains a beneficial interest in Wallace Road subject to the Lester Judgment.

35. Lester's beneficial interest in Wallace Road is subject to the Lester Judgment, is property of this bankruptcy estate under 11 U.S.C. §541, and subject to turnover.

36. Lester should be ordered to turnover Wallace Road to Trustee for liquidation in satisfaction of the Lester Judgment.

### COUNT V – AVOIDANCE OF TRANSFER UNDER APPLICABLE STATE LAW AND RECOVERY UNDER 11 U.S.C. § 550 REGARDING WALLACE ROAD

37. The allegations contained in paragraphs 1 through 36 are incorporated herein as if fully restated in their entirety.

38. Lester's transfer of Wallace Road to Jade Eye was made with actual intent to hinder, delay, or defraud Lester's creditors.

39. The underlying fraudulent intent of the transfer of Wallace Road is evidenced by the following, among other things:

(a) The Wallace Road transfer was to an insider;

(b) Lester retained control of Wallace Road after the transfer;

(c) Lester made numerous transfers with the intent to shield his assets from his creditors and to become judgment proof; and

(d) Lester received no consideration for the transfer of Wallace Road.

(e) Before the transfer was made or the obligation was incurred, Lester and OTS had been sued or threatened with suit;

40. The Trustee may avoid the transfer of Wallace Road under applicable state law (O.C.G.A. §§18-2-74 and 18-2-77).

41. Under 11 U.S.C. §550, Trustee may recover Wallace Road, or, the value of such property, from Lester and Jade Eye.

## COUNT VI – THE TRANSFER OF THE 1226 BYEWOOD LANE PROPERTY BY LESTER TO BMS AND TIE RAY UNDER APPLICABLE STATE LAW AND RECOVERY UNDER 11 U.S.C. § 550

42. The allegations contained in paragraphs 1 through 41 are incorporated herein as if fully restated in their entirety.

43. Lester's transfers of 1226 Byewood Lane to BMS and Tie Ray were made with actual intent to hinder, delay, or defraud Lester's creditors.

44. The underlying fraudulent intent of the transfer of 1226 Byewood Lane is evidenced by the following, among other things:

   (a) The 1226 Byewood Lane transfer was to an insider;

   (b) Lester retained control of 1226 Byewood Lane after the transfer;

   (c) Lester made numerous transfers with the intent to shield his assets from his creditors and to become judgment proof; and

   (d) Lester received no consideration for the transfer of 1226 Byewood Lane.

   (e) Before the transfers were made or the obligations were incurred, Lester and OTS had been sued or threatened with suit;

45. The Trustee may avoid the transfers of 1226 Byewood Lane under applicable state law (O.C.G.A. §§ 18-2-74, 18-2-75 and 18-2-77).

46. Under 11 U.S.C. § 550, Trustee may recover 1226 Byewood Lane, or, the value of such property, from Lester, BMS and Tie Ray.

**COUNT VII – THE TRANSFER OF THE 1226 BYEWOOD LANE PROPERTY BY BMS TO TIE RAY IS VOID UNDER O.C.G.A. § 53-12-25(a)**

47. The allegations contained in paragraphs 1 through 46 are incorporated herein as if fully restated in their entirety.

48. O.C.G.A. § 53-12-25 provides that:

> (a) Transfer of property in trust shall require a transfer of legal title to the trustee. In any transfer of property or any interest in property, if a trust is named as a grantee, whether such trust is held under the laws of this state or of any other jurisdiction, then such transfer is deemed to have been made to the trustee of such trust as though the trustee of such trust had been named as grantee instead of the trust.
>
> Ga. Code Ann. § 53-12-25

49. The warranty deed from BMS to Tie Ray purporting to transfer title to the 1226 Byewood Lane property does not reflect the name of the trustee of Tie Ray. A deed is void and invalid if it conveys property to a trust rather than to a trustee. *Ford v. Reddick*, 319 Ga. App. 482, 482, 735 S.E.2d 809 (2012)

50. The Trustee is entitled to an order voiding the transfer of the 1226 Byewood Lane property to Tie Ray and preserving it for the benefit of the estate.

51. Lester's and BMS' beneficial interests in 1226 Byewood Lane are subject to the Lester Judgment, are property of this bankruptcy estate pursuant to 11 U.S.C. §541, and subject to turnover.

52. Lester, BMS and Tie Ray should be ordered to turnover the 1226 Byewood Lane property to Trustee for liquidation in satisfaction of the Lester Judgment.

## COUNT VIII- RESULTING TRUST UNDER O.C.G.A. §53-12-130 REGARDING LESTER'S INTEREST IN 1226 BYEWOOD LANE

53. The allegations contained in paragraphs 1 through 52 are incorporated herein as if fully restated in their entirety.

54. When Lester transferred his interest in 1226 Byewood Lane to BMS and subsequently to Tie Ray, Lester intended to retain a beneficial interest in 1226 Byewood Lane titled in the name of Tie Ray.

55. A resulting trust is implied for the benefit of Lester pursuant to O.C.G.A. §53-12-130, and Lester retains a beneficial interest in 1226 Byewood Lane subject to the bankruptcy estate's interest under the Lester Judgment.

56. Lester's beneficial interest in 1226 Byewood Lane is subject to the Lester Judgment, is property of this bankruptcy estate pursuant to 11 U.S.C. §541, and subject to turnover.

57. Lester should be ordered to turnover the 1226 Byewood Lane property to Trustee for liquidation in satisfaction of the Lester Judgment.

## COUNT IX – CONSTRUCTIVE TRUST UNDER TO O.C.G.A. §53-12-132 REGARDING LESTER'S INTEREST IN 1226 BYEWOOD LANE

58. The allegations contained in paragraphs 1 through 57 are incorporated herein as if fully restated in their entirety.

59. For reasons set forth herein and to be established at trial, Lester cannot enjoy the beneficial interest in 1226 Byewood Lane without violating principles of equity.

60. A constructive trust is implied for the benefit of Lester under O.C.G.A. § 53-12-132, and Lester retains a beneficial interest in 1226 Byewood Lane subject to the Lester Judgment.

61. Lester's beneficial interest in 1226 Byewood Lane is subject to the Lester Judgment and is property of this bankruptcy estate under 11 U.S.C. §541.

62. Lester should be ordered to turnover 1226 Byewood Lane to Trustee for liquidation in satisfaction of the Lester Judgment.

### COUNT X- RESULTING TRUST UNDER O.C.G.A. §53-12-130 REGARDING LESTER'S INTEREST IN BELLFLOWER COURT

63. The allegations contained in paragraphs 1 through 62 are incorporated herein as if fully restated in their entirety.

64. When Lester transferred his interest in Bellflower Court to BMS, Lester intended to retain a beneficial interest in Bellflower Court titled in the name of BMS.

65. A resulting trust is implied for the benefit of Lester pursuant to O.C.G.A. §53-12-130, and Lester retains a beneficial interest in Bellflower Court subject to the bankruptcy estate's interest under the Lester Judgment.

66. Lester's beneficial interest in Bellflower Court is subject to the Lester Judgment, is property of this bankruptcy estate pursuant to 11 U.S.C. §541, and subject to turnover.

67. Lester should be ordered to turnover the Bellflower Court property to Trustee for liquidation in satisfaction of the Lester Judgment.

### COUNT XI – CONSTRUCTIVE TRUST UNDER TO O.C.G.A. §53-12-132 REGARDING LESTER'S INTEREST IN BELLFLOWER COURT

68. The allegations contained in paragraphs 1 through 67 are incorporated herein as if fully restated in their entirety.

69. For reasons set forth herein and to be established at trial, Lester cannot enjoy the beneficial interest in Bellflower Court without violating principles of equity.

70. A constructive trust is implied for the benefit of Lester under O.C.G.A. § 53-12-132, and Lester retains a beneficial interest in Bellflower Court subject to the Lester Judgment.

71. Lester's beneficial interest in Bellflower Court is subject to the Lester Judgment

11

and is property of this bankruptcy estate under 11 U.S.C. §541.

72. Lester should be ordered to turnover Bellflower Court to Trustee for liquidation in satisfaction of the Lester Judgment.

### COUNT XII – AVOIDANCE OF TRANSFER UNDER APPLICABLE STATE LAW AND RECOVERY UNDER 11 U.S.C. § 550 REGARDING BELLFLOWER COURT

73. The allegations contained in paragraphs 1 through 72 are incorporated herein as if fully restated in their entirety.

74. Lester's transfer of Bellflower Court to BMS was made with actual intent to hinder, delay, or defraud Lester's creditors.

75. The underlying fraudulent intent of the transfer of Bellflower Court is evidenced by the following, among other things:

   (a) The Bellflower Court transfer was to an insider;

   (b) Lester retained control of Bellflower Court after the transfer;

   (c) Lester made numerous transfers with the intent to shield his assets from his creditors and to become judgment proof; and

   (d) Lester received no consideration for the transfer of Bellflower Court.

   (e) Before the transfer was made or obligation was incurred, Lester and OTS had been sued or threatened with suit;

76. The Trustee may avoid the transfer of Bellflower Court under applicable state law (O.C.G.A. §§ 18-2-74, 18-2-75 and 18-2-77).

77. Under 11 U.S.C. § 550, Trustee may recover Bellflower Court, or, the value of such property, from Lester and BMS.

### COUNT XIII- RESULTING TRUST UNDER O.C.G.A. §53-12-130 REGARDING LESTER'S INTEREST IN WEDGEWOOD DRIVE

78. The allegations contained in paragraphs 1 through 77 are incorporated herein as if fully restated in their entirety.

79. When Lester transferred his interest in Wedgewood Drive to BMS, Lester intended to retain a beneficial interest in Wedgewood Drive titled in the name of BMS.

80. A resulting trust is implied for the benefit of Lester pursuant to O.C.G.A. §53-12-130, and Lester retains a beneficial interest in Wedgewood Drive subject to the bankruptcy estate's interest under the Lester Judgment.

81. Lester's beneficial interest in Wedgewood Drive is subject to the Lester Judgment, is property of this bankruptcy estate pursuant to 11 U.S.C. §541, and subject to turnover.

82. Lester should be ordered to turnover the Wedgewood Drive property to Trustee for liquidation in satisfaction of the Lester Judgment.

### COUNT XIV – CONSTRUCTIVE TRUST UNDER TO O.C.G.A. §53-12-132 REGARDING LESTER'S INTEREST IN WEDGEWOOD DRIVE

83. The allegations contained in paragraphs 1 through 82 are incorporated herein as if fully restated in their entirety.

84. For reasons set forth herein and to be established at trial, Lester cannot enjoy the beneficial interest in Wedgewood Drive without violating principles of equity.

85. A constructive trust is implied for the benefit of Lester under O.C.G.A. § 53-12-132, and Lester retains a beneficial interest in Wedgewood Drive.

86. Lester's beneficial interest in Wedgewood Drive is subject to the Lester Judgment, is property of this bankruptcy estate under 11 U.S.C. §541, and subject to turnover.

87. Lester should be ordered to turnover Wedgewood Drive to Trustee for liquidation in satisfaction of the Lester Judgment.

### COUNT XV – AVOIDANCE OF TRANSFER UNDER APPLICABLE STATE LAW AND RECOVERY UNDER 11 U.S.C. § 550 REGARDING WEDGEWOOD DRIVE

88. The allegations contained in paragraphs 1 through 87 are incorporated herein as if fully restated in their entirety.

89. Lester's transfer of Wedgewood Drive to BMS was made with actual intent to hinder, delay, or defraud Lester's creditors.

90. The underlying fraudulent intent of the transfer of Wedgewood Drive is evidenced By the following, among other things:

    (a) The Wedgewood Drive transfer was to an insider;

    (b) Lester retained control of Wedgewood Drive after the transfer;

    (c) Lester made numerous transfers with the intent to shield his assets from his creditors and to become judgment proof; and

    (d) Lester received no consideration for the transfer of Bellflower Court.

    (e) Before the transfer was made or obligation was incurred, Lester and OTS had been sued or threatened with suit;

91. The Trustee may avoid the transfer of Wedgewood Drive under applicable state law (O.C.G.A. §§ 18-2-74, 18-2-75 and 18-2-77).

92. Under 11 U.S.C. § 550, Trustee may recover Wedgewood Drive, or, the value of such property, from Lester and BMS.

### COUNT XVI – APPOINTMENT OF RECEIVER

93. The allegations contained in paragraphs 1 through 92 are incorporated herein as if

fully restated in their entirety.

94. Pending turnover of the Wallace Road, 1226 Byewood Lane, Bellflower Court and Wedgewood Drive properties, the Court should, under general principles of equity, appoint a receiver to oversee the collection of rents, payments of debt service, taxes and other expenses associated with the properties.

WHEREFORE, Trustee prays as follows:

(a) Under Count I - that the Court enter an order directing that Defendants OTS and Lester immediately pay to the bankruptcy estate all principal, interest and expenses due and owing under the Lester Judgment and the OTS Judgment;

(b) Under Count II - that the Court enter an order voiding the transfer of the Wallace Road property to Jade Eye preserving it for the benefit of the estate and order that Lester turnover the Wallace Road property to the Trustee for liquidation in satisfaction of the Lester Judgment;

(c) Under Count III - that the Court impose a resulting trust on the Wallace Road property for the benefit of the bankruptcy estate and order Lester to turnover Wallace Road to Trustee for liquidation in satisfaction of the Lester Judgment;

(d) Under Count IV - that the Court impose a constructive trust on the Wallace Road property for the benefit of the bankruptcy estate and order Lester to turnover Wallace Road to Trustee for liquidation in satisfaction of the Lester Judgment;

(e) Under Count V – that the Court avoid the transfer of the Wallace Road property and order Lester to turnover Wallace Road to Trustee for liquidation in satisfaction of the Lester Judgment;

(f) Under Count VI - that the Court avoid the transfer of 1226 Byewood Lane and

15

order Lester to turnover Byewood Lane to Trustee for liquidation in satisfaction of the Lester Judgment;

(g) Under Count VII - voiding the transfer of the 1226 Byewood Lane property to Tie Ray and preserving it for the benefit of the estate.

(h) Under Count VIII - that the Court impose a resulting trust on the 1226 Byewood Lane property for the benefit of the bankruptcy estate and order Lester to turnover 1226 Byewood Lane to Trustee for liquidation in satisfaction of the Lester Judgment;

(i) Under Count IX - that the Court impose a constructive trust on 1226 Byewood Lane for the benefit of the bankruptcy estate and order Lester to turnover 1226 Byewood Lane to Trustee for liquidation in satisfaction of the Lester Judgment;

(j) Under Count X - that the Court impose a resulting trust on the Bellflower Court for the benefit of the bankruptcy estate and order Lester to turnover Bellflower Court to Trustee for liquidation in satisfaction of the Lester Judgment;

(k) Under Count XI - that the Court impose a constructive trust on Bellflower Court for the benefit of the bankruptcy estate and order Lester to turnover Bellflower Court to Trustee for liquidation in satisfaction of the Lester Judgment;

(l) Under Count XII - that the Court avoid the transfer of Bellflower Court and order Lester to turnover Bellflower Court to Trustee for liquidation in satisfaction of the Lester Judgment;

(m) Under Count XIII - that the Court impose a constructive trust on Wedgewood Drive for the benefit of the bankruptcy estate and order Lester to turnover Bellflower Court to Trustee for liquidation in satisfaction of the Lester Judgment;

(n)  Under Count XIV - that the Court impose a constructive trust on Wedgewood Drive for the benefit of the bankruptcy estate and order Lester to turnover Wedgewood Drive to Trustee for liquidation in satisfaction of the Lester Judgment;

(o)  Under Count XV - that the Court avoid the transfer of Wedgewood Drive and order Lester to turnover Wedgewood Drive to Trustee for liquidation in satisfaction of the Lester Judgment;

(p)  Under Count XVI – that the Court appoint a receiver to oversee the collection of rents, payments of debt service, taxes and other expenses associated with Wallace Road, 1226 Byewood Lane, Bellflower Court and Wedgewood Drive pending turnover to Trustee; and

(q)  That the Court grant such other relief as is just and proper.

Respectfully submitted, this 22nd day of June 2019.

THEODORE N. STAPLETON, P.C.
/s/ Theodore N. Stapleton
Theodore N. Stapleton
Georgia Bar No. 675850
Attorneys for Chapter 7 Trustee

Suite 100-B
2802 Paces Ferry Road, SE
Atlanta, GA  30339
Telephone: (770) 436-3334
tstaple@tstaple.com